[Civil No. 3955. Filed May 2, 1938.]

[78 Pac. (2d) 993.]

MARICOPA COUNTY, a Body Politic, Appellant, v. WALTER SCOTT BLOOMER and ED C. BLOOMER, Appellees.

Mr. John W. Corbin, County Attorney, and Mr. Lin Orme, Jr., his Deputy, for Appellant.

Mr. L. J. Cox and Mr. Elijah Allen, for Appellees.

LOCKWOOD, J.—This is an appeal from a judgment of the superior court of Maricopa county for the recovery of the sum of $390.82 taxes, which it is claimed were paid under protest. The question presented is solely one of law and the undisputed facts may be stated as follows: Ed C. Bloomer was for many years the owner of certain real estate situate in Maricopa county. During the years 1928, 1929, and 1930 there were levied certain state and county taxes against such property, which taxes the defendant county claimed were a lien against it on March 23, 1936. Bloomer had died in the meantime, and Victor Shill, as his administrator, on that date brought an action to quiet title to the premises above referred to against Maricopa county. The complaint alleged:

"That the defendant Maricopa County, Harry Moore, Treasurer, claims taxes for the years 1928, 1929 and 1930, all of which are subject to the statutes of limitations and are not collectible."

The county appeared and demurred to the complaint on the ground that the statute of limitations could not be pleaded as a basis for a suit to quiet title under the circumstances shown by the complaint, as the statute did not provide for the removal of the tax lien at the end of five years, but only stated that the county treasurer could not bring an action to recover the taxes after that period. The matter came on before the court, which quieted the title of the plaintiffs as requested, and further decreed as follows:

"And it is further ordered, adjudged and decreed that the taxes levied against the property hereinafter

described for the years 1928, 1929, and 1930 are not a lien on the said premises; and that the State of Arizona and the County of Maricopa are hereby barred from attempting to collect said taxes and the Treasurer and Ex-officio Tax Collector of Maricopa County, Arizona, is hereby ordered to cancel and remove from the tax rolls the taxes levied against the said premises for the said years of 1928, 1929, and 1930. Said premises are bounded and described as follows:

"The South Half (S½) of the Southeast Quarter (SE¼) of the Northeast Quarter (NE¼) of Section 28, in Township 1 North, Range 5 East, of the G. & S. R. B. & M., in Maricopa County, Arizona."

Thereafter an attempt was made to sell the property but the title company which examined the title refused to approve it until payment of the delinquent taxes, notwithstanding the judgment aforesaid. For that reason, on July 3, 1936, the administrator paid said taxes under protest to the county treasurer, and brought this suit to recover them, on the ground that the county had demanded their payment, and that said payment had been made under protest, although the tax was illegal and invalid. The case was heard and judgment rendered in favor of the plaintiffs for the recovery of the amount sued for from the county, whereupon this appeal was taken.

It is the theory of plaintiffs that on the 3d day of July, 1936, when the payment was made, the tax which was paid was illegal and invalid for the reason that in the action previously referred to the court had determined that the taxes were not a lien on the premises, and that the state and county were barred from attempting to collect them; that the payment thereof was made under protest, and that therefore by the provisions of section 3136, Revised Code of 1928, they were entitled to recover the taxes so paid. This section reads as follows:

*"Tax not to be contested unless paid; collection may not be enjoined.* No person upon whom a tax has been imposed under any law relating.to taxation shall be permitted to test the validity thereof, either as plaintiff or defendant, unless such tax shall first have been paid to the proper county treasurer, together with all penalties thereon. No injunction shall ever issue in any action or proceeding in any court against this state, or against any county, municipality, or officer thereof, to prevent or enjoin the collection of any tax levied. After payment an action may be maintained to recover any tax illegally collected, and if the tax due shall be determined to be less than the amount paid, the excess shall be refunded in the manner hereinbefore provided."

 There are many questions raised on the appeal, but we think we need consider only one, Was the tax paid by the plaintiff on the 3d day of July, 1936, at that time invalid and void? This depends upon the effect and validity of the judgment of the superior court on March 23, 1936. There is no contention that the taxes were not properly assessed and levied in the years 1928, 1929, and 1930, and that at that time, and for five years thereafter, they were legal and valid taxes, and liens upon the property in question. But it is urged that by reason of section 3123, Revised Code of 1928, the statute of limitations had run against such taxes and that, therefore, they had become illegal and void. It is universally recognized that statutes of limitations do not affect the validity of the obligation, but merely the remedy given by law for its enforcement. *Masury & Son* v. *Bisbee Lbr. Co.,* 49 Ariz. 443, 68 Pac. (2d) 679; *City of Bisbee* v. *Cochise County, ante,* p. 1, 78 Pac. (2d) 982.

Section 3123, *supra,* which refers to the collection of delinquent taxes, says:

"An action for the recovery of taxes against real estate may be commenced within five years after delinquency and not afterwards."

This is not a declaration that the tax is illegal or void in any manner whatsoever, but merely a statement that the county treasurer may not commence an action to enforce the payment of an otherwise valid. tax five years after it has become delinquent, which, under the rule above stated, leaves the tax a perfectly valid one, but merely prevents the state from collecting it by process of law. If, therefore, after the tax had become delinquent, the owner of the property voluntarily pays the amount thereof to the county treasurer, even though he may protest the payment at the time, he is in no position to assert that it was not a perfectly valid and legal tax. But, say plaintiffs, even though this might be true ordinarily, the judgment of March 23, 1936, which formally adjudicated that the tax lien no longer existed and that the county was barred from collecting the taxes, never having been appealed from is *res adjudicata*. This contention is answered effectively and conclusively by the provisions of section 3101, Revised Code of 1928, which reads, in part, as follows:

*"Lien for taxes; liability of property; homesteads excepted.* Every tax levied under the authority of this chapter upon real or personal property shall be a lien upon all of the property assessed in the name of the particular taxpayer owning or controlling the same. The lien shall attach on the first Monday in January in each year, and shall not be satisfied or removed until such taxes, penalties, charges and interest are all paid, or the property has finally vested in a purchaser under a sale for taxes."

This is an explicit declaration by the state that nothing shall satisfy or remove the lien of taxes against real estate except their payment, or the sale of the property for taxes. The superior court was, therefore, without jurisdiction to render a judgment declaring that the tax lien had failed, for the record

affirmatively showed that the taxes had not been paid nor had the property been sold for taxes, and a judgment void upon its face is not a judgment at all and can be attacked collaterally. *Varnes* v. *White,* 40 Ariz. 427, 12 Pac. (2d) 870; *Brecht* v. *Hammons,* 35 Ariz. 383, 278 Pac. 381.

Since the superior court of Maricopa county had no jurisdiction to declare that the lien was removed on account of the fact that the statute of limitations had run against an affirmative action by the county to recover such taxes, it could not quiet the title as against the county. *Provident Mutual Building-Loan Assn.* v. *Schwertner,* 15 Ariz. 517, 140 Pac. 495. And the voluntary payment of a valid and existing tax by a taxpayer, even though he state that the same is paid under protest, does not entitle him to recover it in an action against the county.

The judgment of the superior court of Maricopa county is reversed, and the case remanded, with instructions to render judgment in favor of defendant county.

McALISTER, C. J., and ROSS, J., concur.