327 P.2d 297

**MIDWAY ENTERPRISES, Inc., a corporation, Petitioner,**

v.

**Herbert F. KRUCKER, Judge of the Superior Court of Arizona in and for the County of Pima, Respondent.**

No. 6635.

Supreme Court of Arizona.

June 25, 1958.

Hall, Catlin & Jones, Tucson, for petitioner.

Harry H. Haynes and Jack G. Marks, Tucson, for respondent.

WINDES, Justice.

Pursuant to the provisions of the county planning and zoning act of 1949 (A.R.S., sections 11–801 to 11–830) the board of supervisors of Pima county enacted a zoning ordinance which became effective February 16, 1953. By reason of authority granted under the provisions of this ordinance petitioner Midway Enterprises, Inc., operates a drive-in theater. Thereafter petitioner made application to the zoning board of adjustment for territorial expansion of its facilities and business. Certain interested parties objected to the granting of the application. After hearing, the adjustment board granted the application. The interested parties under the provisions of A.R.S., section 11–807, appealed the matter to the superior court of Pima county, the respondent herein. Both parties moved for summary judgment. The court granted appellants' motion and rendered judgment setting aside the action of the adjustment board and in effect denying petitioner the right to expand as requested. We issued certiorari to test the jurisdiction of the respondent court to render the judgment.

Citation of authority is unnecessary for the well established principle that we do not by the use of certiorari test the correctness of a judgment pronounced in the legitimate exercise of jurisdiction. We only judge the power of the court to render the questioned judgment. The facts are not materially disputed. The argument of the respective parties involves the interpretation by the adjustment board and the respondent of certain provisions of the zoning ordinance and A.R.S., section 11–830, relating to the right to expand what is

spoken of in both the statute and the ordinance as a "nonconforming use". Section 11–830 reads:

"A. Nothing contained in any ordinance authorized by this chapter shall:

"1. Affect existing uses of property or the right to its continued use or the reasonable repair or alteration thereof for the purpose for which used at the time the ordinance affecting the property takes effect.

\*   \*   \*   \*   \*   \*

"B. A nonconforming business use within a district may expand if such expansion does not exceed one hundred per cent of the area of the original business."

So far as material, section 304 of the zoning ordinance reads:

"Non-Conforming Uses Exempted: As specified in Section 16 of the County Planning and Zoning Act of 1949 (Section 17–1916, Arizona Code of 1939), the provisions of this Ordinance shall not affect existing uses of property or the right to its continued use or the reasonable repair or alteration thereof for the purpose for which used at the time this Ordinance becomes effective, or for any other use of the same or a more restrictive classification. A

non-conforming business use within any district or zone shall have the right to expansion, provided it does not exceed 100% of the area of the original business."

To the extent that it is relevant section 2406 of the ordinance states:

"Plans For Non-Conforming Use: Any owner of land zoned under this Ordinance who shall file in writing with the Planning and Zoning Commission within 180 days after the effective date of this Ordinance a plan of development for such land including uses not permitted by the zoning, shall be issued a special non-conforming hardship use permit by the Board of Adjustment for said proposed development, or any part thereof, at any time within 2 years from the effective date of this Ordinance; \*   \*   \*"

The material facts are that at the time the zoning ordinance became effective the drive-in theater was not in existence, and that in accordance with the provisions of section 2406, supra, permission was given to construct and operate the same. Before the adjustment board and in the trial court on the appeal the position of the interested parties (appellants therein) was that under the proper interpretation of A.R.S., section 11–830, and section 304 of the ordinance

the only businesses that can be allowed to expand after the adoption of the ordinance are those in existence at the time of its effective date. On the other hand petitioner contended that the right to expand was not so limited and would be applicable as well to what is designated as a "special non-conforming hardship use permit" granted by the adjustment board under the provisions of section 2406, supra, after the effective date of the ordinance. The petitioner is in the latter category.

Voluminous and interesting briefs were presented to the trial court in support of their respective positions. The lower court having interpreted the ordinance to the effect that only those uses in existence at the time the ordinance became effective could expand, petitioner is contending in this court that the trial court exceeded its jurisdiction. We have great difficulty in detecting wherein the court exceeded its power. Certainly it had jurisdiction over the subject matter. The initial jurisdiction of the adjustment board was invoked by the application of petitioner to expand and called for its interpretation of the applicable law. The trial court was operating within the sphere of the appellate jurisdiction given by section 11–830, supra and must hear the matter de novo. Of course, both the board and the court had jurisdiction of the parties but the contention is made here that the trial court jumped the jurisdic-

tional traces when it interpreted the ordinance in such manner as to deny the relief sought by petitioner. It is urged that the lower court's action amounts to an exercise of a power prohibited by the applicable law.

We are not here perplexed by what should be done in the event of plainly arbitrary action of the trial court. We are concerned with whether that court in the exercise of its power to pass judgment upon the correctness of a decision of the adjustment board may interpret the law measuring the rights of the parties. It is said that to allow such under the circumstances of this case runs counter to our pronouncements in Arizona Public Service Co. v. Southern Union Gas Co., 76 Ariz. 373, 265 P.2d 435. We fail to see the validity of this contention. Petitioner places great reliance upon State ex rel. Morrison v. Thomas, 80 Ariz. 327, 297 P.2d 624, wherein we ruled that the trial court exceeded its jurisdiction when it misinterpreted section 72–107, 1952 Supp., A.C.A.1939 (now A.R.S. section 4–206), which prescribed the method of determining population in order to measure the number of liquor licenses which the statute authorizes on a county basis. That decision is correct for the reason that the power to issue licenses is limited by the quota provisions of the law and if the court construes the statute in such manner as to authorize the issuance of licenses in excess of the prescribed limitation, such construc-

tion operates to enlarge jurisdiction which cannot be done. The quota is a jurisdictional fact and such fact cannot be created on a false basis by misinterpreting the statute which measures the quota. We have no such situation in the present case, hence the Thomas case is not controlling.

The zoning ordinance is not the statute from which the trial court acquires its jurisdiction. The rights of the parties are dependent upon the provisions of the zoning ordinance and it is not and could not be the source of the court's jurisdiction. An interpretation thereof might well be erroneous but it is not an erroneous interpretation of a jurisdictional statute which would operate to enlarge the jurisdiction granted. It is a law measuring the rights of the parties litigant and the trial court has full power to and must necessarily interpret the ordinance in order that it adjudge the respective rights of the parties thereunder. In fact, the statute expressly gives the adjustment board the power to interpret the zoning ordinance. A.R.S., section 11–807. It would be an unusual situation for the board to have this power and the trial court in a de novo hearing to be denied the same.

Writ of certiorari quashed.

UDALL, C. J., and PHELPS, STRUCKMEYER and JOHNSON, JJ., concur.