[Civil No. 3315. Filed July 9, 1934.]

[33 Pac. (2d) 995.]

DONALD C. ADAIR, Relator, v. THE SUPERIOR COURT OF THE STATE OF ARIZONA, IN AND FOR THE COUNTY OF MARICOPA, Respondent.

Mr. D. V. Mulhern and Mr. B. H. Gibbs, for Relator.

Mr. Herman Lewkowitz, Mr. J. B. Zaversack and Mr. Renz L. Jennings, County Attorney, for Respondent.

McALISTER, J. — In July, 1922, the Superior Court of Maricopa County entered an order divorcing Bertha G. and Donald C. Adair and provided in

the decree that the plaintiff, the mother, should have the custody of their five year old daughter and that the father should pay her $12.50 a month for the child's support. This decree was modified on three separate occasions thereafter in such a way as to increase to the following amounts the payments the defendant thereafter was required to make for the support of the child, namely: October 16, 1922, $20; December 19, 1927, $25; and October 3, 1932, $35. All of these orders were fully complied with by the defendant.

In the last of these applications for modification, namely, the one acted upon October 3, 1932, the plaintiff had asked for a monthly allowance of $50 for the child's support and $150 for money she had theretofore expended for this purpose. An increase of $10, that is, a monthly allowance of $35 instead of $50, as prayed for, was granted, and the defendant ordered to pay the plaintiff "the sum of $60 on back money expended on said minor" by her, instead of $150 as requested. However, upon the advice of his counsel that the order to pay the additional sum of $60 was made without jurisdiction, the defendant did not pay it and upon his failure to do so the plaintiff procured from the superior court an order directing him to show cause why he should not be punished for contempt. In response to this he answered alleging that the order of October 3, 1932, was not lawful because it was made without jurisdiction, but upon the hearing on January 9, 1933, he was adjudged guilty of contempt and allowed seven days in which to purge himself thereof. Before the expiration of this period he sought and obtained a writ of *certiorari* directing the superior court to certify to this court a transcript of the record of the proceedings in which he had been adjudged guilty of contempt, and the legality of this

action is the matter upon which the validity of the contempt proceeding must rest.

It was based solely upon the failure of defendant to obey the order of the court directing him to pay the $60 which the mother, in addition to the regular monthly allowance, had expended for taking care of the child. It was the view of the defendant that section 2188, Revised Code of 1928, upon which the court relied for authority to make the order, does not confer this power. That section reads as follows:

"§ 2188. Modification of judgment affecting alimony and children. The court may from time to time after the entry of final decree, on petition of either party, amend, revise and alter such portions of the decree as relate to the payment of money for the support and maintenance of the wife or the expenses of the proceedings, as may be just, and amend, change or alter any provision therein respecting the care, custody or maintenance of the children of the parties as the circumstances of the parents and the welfare of the children may require."

It is admitted that under this section the court could upon a proper showing increase at any time the monthly allowance for the support of the child and that the three orders it made doing this were lawful, but the defendant points out that the original decree and the various amendments or modifications of it contain only two provisions falling within the terms of this paragraph and that these are, first, that relating to the custody of the child, and, second, that concerning the payment of a stipulated monthly sum for its support. The order of October 3, 1932, directing him to pay the $60 back money the mother had expended for the benefit of the child was, he argues, entirely outside of either of these provisions, the second as clearly as the first, and in this we think he is correct. It may be true that the $60 was spent

for the maintenance of the child and for this reason the order directing its repayment might, literally speaking, come within the language of the statute, yet the order of December 19, 1927, which required him to pay $25 a month, was then in full force and effect and had been complied with in every respect up to that date, a period of almost five years, and during this entire time was the yardstick by which the rights and duties of the parties to it were measured.

The original decree determined the status of the parties and fixed the duties and obligations of each to the other at the time it was entered, and these remained as therein fixed until modified in accordance with the provisions of section 2188, *supra*. This applies as much to that portion of the decree relating to the custody of the child and the amount to be paid by the defendant for her support, as it does to any other part of it. When, therefore, compliance with the order as it stood after being modified on December 19, 1927, had become full and complete, that is, after its terms had been fully executed by the payment of the $25 per month for the entire period—December 19, 1927, to October 3, 1932—the court had no power to require him to pay any additional sum for the maintenance of the child during that space of time. Its jurisdiction on October 3, 1932, was limited to a modification of the decree as it had stood for nearly five years, and whatever change was ordered to be made in the payments, whether an increase or decrease, could not have a retroactive but only a prospective effect. To hold that the court could compel the payment of a greater amount than the decree had imposed, namely, a sum in addition to the $25 per month, would be equivalent to saying that the decree, as it stood, when the $60 was spent by the mother, was no more final and conclusive for the period it had been executed than for

the future; in other words, that it might be set aside after it had been performed, and in consequence its finality, conclusiveness and solemnity completely destroyed. The broad power conferred by the expression in 2188, *supra,* "amend, change or alter any provision therein respecting the care, custody or maintenance of the children of the parties as the circumstances of the parents and the welfare of the children may require," has reference entirely to the future and confers upon the court no power whatever to change what has already been done.

Installments of alimony become vested the moment they are due and the court has no power to modify the decree as to them. The rights and liabilities of the parties in such instances become irrevocably fixed on the dates the decree provides they shall be paid, and the inevitable effect of this is that the power to "amend, change or alter" a provision of the decree requiring the care, custody or maintenance of the children has no reference to installments that are past due and unpaid. *Beers* v. *Beers,* 74 Wash. 458, 133 Pac. 605, 607; *Delbridge* v. *Sears,* 179 Iowa 526, 160 N. W. 218. In the first of these two cases the court said:

"In *Craig* v. *Craig,* 163 Ill. 176, 45 N. E. 153, it is said: 'In the case at bar it was error to set aside and cancel alimony which had already accrued and was due to plaintiff in error under the decree. The amount of such alimony was a debt due from the defendant James R. Craig to the beneficiary in the decree, and the latter had a vested property right therein, which the court was not authorized to take away from her.' "

And inasmuch as the court could not modify or change past-due installments by reducing them, it follows that it had no power to do so by increasing the sum they called for, that is, by compelling the defendant to pay anything above the $25 monthly in-

stallments covering this period. An increase in the amount to be paid would, of course, be as much a modification of the decree as a reduction. Expression to this thought was given by the United States Supreme Court in *Sistare* v. *Sistare,* 218 U. S. 1, 30 Sup. Ct. 682, 688, 54 L. Ed. 905, 20 Ann. Cas. 1061, 28 L. R. A. (N. S.) 1068, when Justice WHITE, speaking for the court, used this language:

"Indeed, as in principle, if it be that the power to vary or modify operates retroactively and may affect past-due installments so as to relieve of the obligation to pay such installments, it would follow, in the nature of things, that the power would exist to increase the amount allowed, it is additionally impossible to imply such authority in the absence of provisions plainly compelling to such conclusion. Beyond all this, when it is considered that no provision is found looking to the repayment by the wife of any installments which had been collected from the husband, in the event of a retroactive reduction of the allowance, it would seem that no power to retroactively modify was intended."

It being true, therefore, that the $60 "back money" which the order directed the defendant to pay for the maintenance of the child during the period covered by the decree of December 19, 1927, which made it his duty to pay monthly installments of $25 for the same purpose, and that it would in effect be modifying or altering that decree to compel such payment, it is clear that there was no authority in the court to take such action.

Hence, the order adjudging the defendant guilty of contempt of court for failure to comply with the decree in this respect had no basis in law and should be set aside. Such is the order of the court.

ROSS, C. J., and LOCKWOOD, J., concur.