(No. 39388.—

BURLINGTON CHICAGO CARTAGE, INC., *et al.,* Appellees, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(TERRY HOPPING, Appellant.)

*Opinion filed Jan. 25, 1966.—Rehearing denied March 23, 1966.*

PERZ AND MCGUIRE, of Chicago, (FRANK M. PERZ, of counsel,) for appellant.

BOZEMAN, NEIGHBOUR, PATTON & HENSS, of Moline, (HUBBARD B. NEIGHBOUR, of counsel,) for appellees.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Knox County, reversing the Industrial Commission's award of compensation to appellant, Terry Hopping. The sole question before this court on appeal is whether appellant was an employee of Burlington Chicago Cartage, Inc., at the time he suffered the injury for which he seeks compensation.

There is no conflict in the testimony. Appellant was a fourteen-year old boy whose father worked as a truck driver for the Burlington Chicago Cartage, Inc. Sometime prior to May 21, 1963, the manager of the cartage company's Galesburg office mentioned to appellant's father that he was looking for someone to cut the weeds on the company's vacant property adjoining the terminal building. Hopping said that his young son might like the job, and the plant manager told Hopping that he would pay appellant the lump sum of $40 for the entire job, if that sounded agreeable with appellant. Hopping related the offer to his son, who agreed to do the job.

On the morning of June 6, 1963, appellant arrived at the company's terminal building with his father's power lawn mower to start cutting. Appellant was given general instructions by the terminal manager as to the area to be cut, but he was then left on his own to complete the job. There was no fixed time for completion, and appellant was permitted to work as many hours a day for as many days as it took to finish the job. It was estimated by appellant that the entire job would take a total of 24 hours.

After he had been cutting weeds for about an hour,

appellant fell and was injured when his right foot was struck by the blades of the mower.

We concur in the trial court's determination that under the facts of this case appellant was not an employee of Burlington Chicago Cartage, Inc., and therefore not entitled to recovery. The Workmen's Compensation Act defines an employee as a "person in the service of another under any contract of hire, * * * not including any person who is not engaged in the usual course of the trade, business, profession or occupation of his employer." (Ill. Rev. Stat. 1963, chap. 48, par. 138.1.) It is apparent that appellant was not engaged in the usual course of business of the cartage company. He had never worked for the cartage company before and was hired to do a particular job, for which he was to be paid a lump sum. Whatever relationship existed between them was to terminate after completion of the job. Appellant used his own equipment and was left to finish the job whenever he wished and in any manner he wished. As was found by the trial court, appellant was "answerable to the cartage company only as to the end result and not as to the means by which it was to be accomplished." The evidence in this case clearly does not sustain a finding that an employer-employee relationship existed between appellant and the cartage company.

The judgment of the circuit court of Knox County is affirmed.

*Judgment affirmed.*