422 P.2d 696

**Thomas WATKINS, Appellant,**

**v.**

**MEDICAL & DENTAL FINANCE BUREAU, INC., a corporation, Appellee.**

**No. 8313.**

Supreme Court of Arizona.

In Banc.

Jan. 18, 1967.

Gibson & Gibson, Phoenix, for appellant.

Christy, Kleinman, Peterson, Hoyt & Fuller, Phoenix, for appellee.

BERNSTEIN, Chief Justice.

Defendant appeals from judgment in the Superior Court of Maricopa County granting recovery for the plaintiff, Medical & Dental Finance Bureau, Inc., and against the defendant in the sum of $310.00 plus costs.

This action was brought in the lower court for the purpose of collecting dental fees in conjunction with services rendered to the defendant's daughter by a Dr. Fuller. The right to collect such fees were assigned to the plaintiff.

The facts leading to the incurrence of the dental fees here in question are as follows. The defendant and his wife were divorced, and the wife remarried. The custody of their daughter had been granted to the defendant, father, during the time in question, but on numerous occasions she visited with her mother. On several such occasions in early 1958 the mother took the daughter to Dr. Fuller for the purpose of having dental work done. The doctor who was informed that the mother was no longer married to the defendant, performed services which he valued at $263.00. The defendant maintains that he agreed to pay one-half of this charge on an installment basis, and the evidence shows that a number of payments were thereafter made. A bill for $131.50, one-half of the above charge, had been sent to the defendant.

Approximately $45.00 of the $131.50 and $111.00 of the $263.00 remained unpaid when in late 1959 the mother again took her visiting daughter to Dr. Fuller for more dental work. Shortly before this time the defendant had sent his daughter to their family dentist, a Dr. Burrell, to see what work needed to be done. Dr. Burrell advised that before he would do the needed work he would like to clear up some oral infection that the daughter had, giving her medicine for this purpose. It was subsequent to this visit with Dr. Burrell, and previous to any future appointment with him, that the mother took the daughter to Dr. Fuller. Services were then rendered by Dr. Fuller with the result that a total bill of $310.00 remained outstanding at the time this action was brought.

The plaintiff contended, and the trial court held, that the defendant was liable for the entire bill on the theory of implied contract. Since the trial court also found that there was no express agreement concerning liability for the dental services rendered after 1958, the plaintiff's right to recover from defendant, at least for those expenses incurred subsequent to 1958, rested with its theory of implied contract.

■ We agree that under certain circumstances a promise by a parent to pay for necessaries furnished his minor child by another may be implied if the parent has neglected to furnish the necessaries himself. Charbonneau v. Norton, 263 Ill.App. 341; Hoard v. Gilbert, 205 Wis. 557, 238 N.W. 371; Kriedo v. Kriedo, 159 Md. 229, 150 A. 720; Thompson v. Perr, 238 S.W.2d 22 (Mo.App.). Such an implied promise may arise from the recognized duty that a parent has to support his or her child. Barrett v. Barrett, 44 Ariz. 509, 39 P.2d 621.

■■ The implied promise notion which the plaintiff urges upon the court, however, must in application be carefully confined to the circumstances which give rise to the implication in the first place. Although we do not challenge a finding that the dental work in question comes within the definition of "necessaries", this alone does not determine the question of liability. Inherent in the doctrine of implied promise in such cases, rather, is the fact that the parent to whose child necessary goods or services are rendered has neglected to provide

such necessaries himself. Thompson v. Perr, supra; Fennell v. Russell, 282 Mass. 67, 184 N.E. 675; 67 C.J.S. Parent and Child § 16, p. 700. The following language in Thompson v. Perr, supra, states the point well:

> "Except for an emergency which renders a third person's immediate interference both reasonable and proper, an implied promise to pay for necessaries must depend upon the father's failure or refusal to supply them; and where he is ready and willing to make suitable provision for his child, there can be no recovery by a third person who has furnished the necessaries without his express authority. In other words, the basis of the father's liability is his omission to fulfill his obligation of supporting his child; and a stranger who furnishes articles or renders services to the child does so at the peril of being able to show that they were furnished under such circumstances as to have imposed a duty on the father to pay for them. Consequently the volunteer who undertakes to recover from the father has the burden of establishing, not only that the articles he furnished or the services he rendered were in fact necessary, but also that the father had been guilty of a manifest dereliction in failing to supply them."

█ If the law were otherwise any officious third party could, by furnishing a child with clothes, medical services or whatever, create liability in a father regardless of his lack of consent or dereliction in meeting his child's needs. The "implied promise for necessaries" doctrine was not formulated for the purpose of aiding enterprising third parties, but rather is a policy law meant to impel neglectful parents to assume responsibility for their children's welfare. Parents who are not guilty of neglect, in turn, are not to be denied the valuable right to choose with whom they shall deal. And although we do not doubt that a divorced wife may, under proper circumstances, pledge her former husband's credit for necessaries furnished their minor child, that occasion will arise only where the father has himself failed or refused to provide them.

█ In the present instance, the trial court found as a fact that the defendant neither failed nor refused to provide for necessary dental work for his daughter. In fact, it was clear that she was being sent to Dr. Burrell for such a purpose. Being bound by the trial court's findings of fact, to which we must apply the law, we have no choice but to reverse the trial court decision.

The matter of the defendant's liability as regards the $263.00 bill relating to the work done by him in 1958 was not clearly determined in the lower court. That court, concluding that there was an implied promise to pay the total bill for all services rendered, apparently felt no reason to then consider separately the work done in 1958. The record indicates to us that the defendant had agreed to pay for one-half of the 1958 charges and that a number of payments were made under that arrangement. We remand this case to the trial court for a determination of what amount of defendant's $131.50 obligation has been satisfied. Judgment should be entered for plaintiff for the unpaid portion.

Judgment reversed and remanded for further proceedings not inconsistent with this opinion.

McFARLAND, V. C. J., and STRUCKMEYER, UDALL, and LOCKWOOD, JJ., concur.