(No. 40745.—

STANDARD ACCIDENT INSURANCE COMPANY *et al.*, Appellants, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(Louis Garavaglia, Appellee.)

*Opinion filed January 19, 1968.*

ROBERT MURPHY, of Chicago, for appellants.

JOSEPH W. HICKMAN, of Benton, for appellee.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

The Industrial Commission awarded workmen's compensation to Louis Garavaglia, who was injured while painting a house in the city of Marion. The award was made against the Herrin Security Bank, which owned the house. On review by the circuit court of Williamson County the award was confirmed and the bank and its insurer appeal, contending the evidence failed to show any employer-employee relationship.

The record discloses that in March, 1963, the bank's president saw the claimant and Dominec Cappelano in a cafe and asked them for an estimate on the cost of painting the house. A rough estimate was given of between eight and nine hundred dollars, and they were told to go ahead. About a week after they started the claimant fell from a ladder on the roof, sustaining the injuries for which the compensation was awarded. When the job was completed Cappelano submitted a statement on his letterhead, which contained the words "Painting and Decorating Contractor" after his name, and he was given a check for the amount of the bill.

There is nothing whatever to indicate the claimant was an employee of the bank. Neither he nor Cappelano was on the payroll, nor did anyone on behalf of the bank tell them when to start, when to finish, how much time they were to take, the manner in which the work was to be done, or any other details of the painting. They had control of their own time and the check in payment for the job was made to Cappelano alone, the bank knowing nothing about the arrangement he had with the claimant. There were no social security or income tax deductions made from the check, there was no one from the bank on the job, Cappelano bought the material and furnished brushes, ladders and whatever other equipment was required. The claimant's

name did not appear on the employee records of the bank or on any of its withholding statements.

The evidence bearing on the question is undisputed and is reasonably susceptible of but a single inference, namely that the claimant was not an employee of the bank. As a general rule, unless the person for whom the work is being done retains the right to control the details and the manner and method by which the work is to be done the relation of employer and employee does not exist. (*Immaculate Conception Church* v. *Industrial Com.,* 395 Ill. 615; *Besse* v. *Industrial Com.,* 336 Ill. 283.) This conclusion is reinforced in the case at bar by the facts that the claimant was not even paid by the bank, which was billed for the job as a whole on Cappelano's billhead, that the contract for the job related only to the result rather than to the means by which it was to be accomplished, that the bank furnished no materials or equipment, that the claimant had never been on the bank's payroll, that neither he nor Cappelano was engaged in the usual course of business of the bank and that the contract was for a particular job, for which payment was made in a lump sum. Such factors are not consistent with a relationship of employer and employee. (See *Burlington Chicago Cartage, Inc.* v. *Industrial Com.,* 34 Ill.2d 146; *Coontz* v. *Industrial Com.,* 19 Ill.2d 574, *Henn* v. *Industrial Com.,* 3 Ill.2d 325.) Whatever relationship may have existed between Cappelano and the claimant, it is obvious from the record in this case that there was no employer-employee relationship between the bank and the claimant. The Commission's finding to the contrary is clearly against the manifest weight of the evidence, and the circuit court erred in confirming the award.

A further question relates to the propriety of taxing attorney's fees and costs against the bank for starting review proceedings in Cook County instead of in Williamson County where the principal parties all reside and where the injury was sustained. It appears that at the time of oral

argument before the Commission, attorney Robert Murphy entered an appearance on behalf of the Standard Accident Insurance Company which had not theretofore been made a party. After the Commission's decision the respondents then sued out a writ of *certiorari* in the circuit court of Cook County, presumably on the ground that the insurance company had its principal office in that county. After protracted efforts by the claimant to obtain a transfer, including the institution of *mandamus* proceedings in this court, the Cook County circuit court on its own motion transferred the cause to the circuit court of Williamson County. In the latter court the claimant filed a motion to fix attorney's fees and costs for obtaining the transfer. The respondents were notified and served with a copy of the motion but failed to appear on the date set for hearing. After evidence was heard *ex parte* an order was entered against the bank for such costs and expenses. A motion thereafter made by the bank to vacate the order was denied, and this the bank now insists was error.

Section 11 of the Civil Practice Act provides that "The costs attending a transfer shall be taxed by the clerk of the court from which the transfer is granted, and, together with the filing fee in the transferee court, shall be paid by plaintiff. If the court granting the transfer finds that venue was fixed by plaintiff in bad faith and without probable cause, then it may order the reasonable expenses of defendant in attending and obtaining a transfer to a proper venue, including a reasonable attorney's fee, to be paid by plaintiff. If the costs and expenses are not paid within a reasonable time, the transferring court shall on motion dismiss the action." (Ill. Rev. Stat. 1965, chap. 110, par. 11.) The bank's contention is that because the section refers only to the transferring court in providing for the order, the circuit court of Williamson County lacked jurisdiction. We agree with the claimant's contention that the question is obviously not one of "jurisdiction." Jurisdiction is the power to hear

and determine the subject matter in controversy. It refers not to the particular case but to the class of cases to which it belongs, and its presence does not depend upon the correctness of the decision. Clearly circuit courts have jurisdiction over this class of cases. We think however that error was committed when the circuit court of Williamson County, the one to which the transfer was made, entered the order in question. The statute is explicit in providing that the costs and expenses are to be taxed in "the court from which the transfer is granted" and that the finding as to bad faith is to be made by "the court granting the transfer." The claimant could have applied for the order in the circuit court of Cook County, the transferring court. This he failed to do, and the provisions of the statute have not been complied with. The order awarding costs, expenses and attorneys fees cannot stand.

The judgment of the circuit court of Williamson County is reversed and the cause is remanded with directions to vacate the order awarding costs and attorney's fees and to set aside the award by the Industrial Commission.

*Reversed and remanded, with directions.*