**GOVERNMENT OF THE VIRGIN ISLANDS**
**ex rel. Mabel Marcus King**

**v.**

**ELMER WALCOTT**

Civil No. 137-1968

District Court of the Virgin Islands
Div. of St. Croix

June 24, 1969

ATTORNEY GENERAL, *for Government*

BIRCH, MADURO, DEJONGH & FARRELLY (JOHN L. MADURO, ESQ., of counsel), St. Thomas, Virgin Islands, *for defendant*

MARIS, *Circuit Judge*

## OPINION

MARIS, *Circuit Judge*

This is an appeal by the defendant from an order of the Municipal Court increasing the amount which he must pay to the relator for the support of their minor child Dean

C. Walcott. It appears that on February 4, 1965 the court had made an order for the payment of $12.50 biweekly for the support of the child and had stated that it would re-examine the amount of the order in August 1965. The court, however, failed to do so and on March 4, 1968 the relator filed a petition for an increase in the amount of support to be paid by the defendant. This petition came on for hearing before the Municipal Court on April 9, 1968 on which day after hearing the relator and the defendant the court found that the defendant had received an increase in salary since the original order and could now increase his support of the child. The court thereupon on the same day ordered the defendant to pay the relator $50.00 biweekly for the support of the child until the first pay period in April 1969 when the payment was to be reduced to $40.00 biweekly.

■ On this appeal the defendant makes two contentions. The first is that the trial judge's conduct and remarks during the course of the hearing on April 9, 1968 were such as to deny the defendant due process of law. This is a serious charge and I have carefully read and reread the transcript of the hearing with it in mind. I am left with the definite conviction that while the trial judge did intervene frequently during the examination and cross-examination of the parties and did frequently caution and interrupt counsel, he did so in an effort, perhaps over-zealous but certainly not prejudiced, to bring out the relevant facts and expedite the hearing. At one point during the latter part of the hearing when the defendant was being examined the trial judge said to him: "My mind is made up, unless something new comes up, but I'm listening to the lawyers." It is argued that this showed prejudgment, but I do not think so. For what the judge was saying

was merely that on the evidence up to that point he had reached a conclusion but that he was listening to any further testimony or argument which might call for a change in his conclusion. I am satisfied that the defendant was not denied due process of law by the manner in which the hearing was conducted by the trial judge.

The defendant's second contention is that the court's order to pay $50.00 biweekly for a year and $40.00 biweekly thereafter was erroneous insofar as the extra biweekly $10.00 for the first year was concerned. The contention is that this extra biweekly $10.00 was imposed for a year not because of the needs of the child during that year but rather as compensation to the relator for the failure of the court to have called the defendant in for a further hearing in August 1965, as it stated at the hearing in February 1965 it would do, when presumably an increase in the amount of support payable by the defendant would have been ordered. This contention I think is well taken. In explaining this part of the order which the court was about to enter the trial judge said:

"For the record, I might say that the court feels it owes an extra obligation to this petitioner because this matter should have been reexamined as previously stated in August, 1965. I think that should be corrected now, which is about 18 months later. There's one way for that to be corrected and that's to fix a larger amount for a period of 18 months and then reduce that to what the court thinks it should be."

As we have seen, the court fixed the larger amount at $50.00 biweekly, but for a period of 12 months only, and then reduced it to $40.00 biweekly, the amount the court thought the support order should be. When counsel pointed out that this was penalizing the defendant for a delay for which the court, and not he, was responsible the trial judge suggested that the defendant was under the obliga-

tion to come and report to the court his increase in salary when it occurred. But I find nothing in the original support order of February 4, 1965 or in the law placing this obligation on the defendant. Indeed, in a colloquy with counsel the trial judge indicated that it was the duty of the mother, if she knows of an increase in the father's wages, to bring him into court for an increase in support.

■■ It is the general rule that a court has no power to modify an order for support by making an additional allowance for expenses incurred in the past. Adair v. Superior Court, 1934, 44 Ariz. 139, 33 P.2d 995, 94 A.L.R. 328; Craig v. Collins, Okla. 1955, 285 P.2d 859; Fuchs v. Fuchs, 1963, 260 N.C. 635, 133 S.E.2d 487; Annotation, 6 A.L.R.2d 1277, 1330. This rule is subject to the qualification in the Virgin Islands that the modified order may be made retroactive to the date on which the petition for modification was filed. 16 V.I.C. § 346. Compare Harris v. Harris, 1932, 259 N.Y. 334, 182 N.E. 7, and Martindell v. Martindell, 1956, 21 N.J. 341, 122 A.2d 352. It is quite clear from the record in the present case, however, that the extra biweekly $10.00 awarded to the relator for a year from April 9, 1968 was designed as an additional allowance for her expenses of maintaining the child during the period of 18 (actually 32) months between August 1965 and the time of the hearing. It was not based upon or intended to meet the expenses of the year during which it was to be paid. The extra allowance of $10.00 biweekly was accordingly in fact intended to be retroactive and was for that reason erroneous.

The judgment of the Municipal Court will be modified by reducing to $40.00 the payments to be made biweekly by the defendant for the support of his minor child commencing on March 15, 1968, and as so modified, will be affirmed.