(No. 46633.—)

WILLIAM HERRING, Appellee, v. THE INDUSTRIAL COMMISSION et al.—(Imperial Mink Ranch, Appellant.)

*Opinion filed January 30, 1975.*

Thomas P. Stepanich, of Waukegan, for appellant.

Asher, Greenfield, Gubbins & Segall, of Chicago, and Geo-Karis & Thompson, Ltd., of Zion (Peter B. Carey and Irving M. Greenfield, of counsel), for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Imperial Mink Ranch (hereinafter referred to as respondent) appeals from the judgment of the circuit court of Lake County (50 Ill.2d R. 302(a)(2)) quashing the writ of *certiorari* issued to review the decision of the Industrial Commission awarding workmen's compensation to petitioner, William Herring.

Petitioner filed an application for adjustment of claim with the Industrial Commission alleging injuries suffered while employed by Imperial Animal Products, Inc. The application also named Commercial Union Insurance Company of New York as a "party respondent," and it was alleged that at the time of petitioner's injury Commercial Union insured "the Workmen's Compensation liability" of Imperial Animal Products, Inc. Several months later petitioner filed an amended application for adjustment of claim alleging that at the time of the accidental injury he was employed by Imperial Animal Products, Inc., named as his employer in the original application, and also by respondent Imperial Mink Ranch. A hearing was had before an arbitrator for the Industrial Commission, at which time counsel representing both Imperial Animal Products, Inc., and Commercial Union Insurance Company contested the jurisdiction of the Industrial Commission to

adjudicate the claim. Although not entirely clear from the record, the attack on the jurisdiction of the Industrial Commission was apparently based on the ground that at the time of petitioner's injury Imperial Animal Products, Inc., was engaged in farming or stock raising and that under the provisions of section 3(15) of the Workmen's Compensation Act (Ill. Rev. Stat. 1969, ch. 48, par. 138.3(15)) the Industrial Commission was without jurisdiction in the case.

The arbitrator for the Industrial Commission filed his decision dismissing Imperial Animal Products, Inc., and Commercial Union Insurance Company as parties respondent, and awarding petitioner workmen's compensation to be paid by respondent Imperial Mink Ranch. Petitioner was awarded compensation for temporary total disability, for the permanent partial loss of use of his leg, and for necessary medical, surgical and hospital services, in the aggregate amount of $8669.55.

Petitioner timely filed a petition for review of the decision of the arbitrator because "the award of the arbitrator is inadequate." No petition for review was filed on behalf of respondent. While the case was pending on review, petitioner filed a second amended application for adjustment of claim naming as his employers Imperial Animal Products, Inc., respondent Imperial Mink Ranch, and Paul Serdar and Harriet Serdar, individually and as co-partners doing business as Imperial Mink Ranch. A "special and limited appearance to contest jurisdiction" was filed on behalf of Paul E. Serdar and Harriet Serdar and Imperial Mink Ranch alleging that they "are engaged solely in the business of operating a ranch for stock raising, specifically minks," that they had not elected to be covered by the Workmen's Compensation Act and that they had no insurance "to cover this petitioner or any other person employed at Imperial Mink Ranch." They moved that they be dismissed as "party defendants in the above-captioned matter."

On petitioner's motion, the Industrial Commission entered an order dismissing his petition for review as to the respondents Paul Serdar and Harriet Serdar, individually and as co-partners d/b/a Imperial Mink Ranch. Subsequently the Industrial Commission sustained and affirmed the decision of the arbitrator "to stand as the decision of the Commission." On *certiorari*, the circuit court, relying on *Northwestern Steel & Wire Co. v. Industrial Com.*, 37 Ill.2d 112, allowed petitioner's motion to quash the writ of *certiorari*.

Respondent contends that because it was engaged in farming and stock raising the Industrial Commission had no jurisdiction to make an award of compensation to petitioner, and that because the Industrial Commission was without jurisdiction so to do the award is a nullity and can be set aside even though not reviewed within the time provided by statute.

Relying principally on *Northwestern Steel*, petitioner contends that because he dismissed his petition for review, and no petition for review was filed by respondent, the circuit court properly quashed the writ of *certiorari* and that this court is without jurisdiction to review the merits of the controversy.

Our examination of the record shows that this case is distinguishable from and not controlled by *Northwestern Steel*. In *Northwestern Steel* this court held that the petitioner had effectively exercised his right to dismiss his own petition for review, and the respondent's petition for review having previously been dismissed, the Commission lost jurisdiction to review the case. (37 Ill.2d 112, 117.) Here, in his first amended application for adjustment of claim, petitioner had named respondent Imperial Mink Ranch as an entity, and in his second amended application had again named it as an entity separate and distinct from the respondents named as "Paul E. Serdar and Harriet Serdar individually and as co-partners doing business as Imperial Mink Ranch." His motion to dismiss requested

dismissal of his petition for review "only as to the respondents, Paul Serdar and Harriet Serdar individually and as co-partners d/b/a Imperial Mink Ranch" and made no mention of the respondent Imperial Mink Ranch. At that time the only respondent other than those specifically named in petitioner's motion to dismiss his petition for review was Imperial Mink Ranch and as to it, no order of dismissal was entered. We note parenthetically that neither the record, the briefs nor the responses of counsel to questions during oral argument have shown the nature of the entity which is the respondent Imperial Mink Ranch.

On this record we conclude that at the time the decision of the Industrial Commission was rendered petitioner's petition for review of the decision of the arbitrator was pending as to the respondent Imperial Mink Ranch. We conclude further that the decision of the Industrial Commission affirming the decision of the arbitrator was a decision on the merits and was not based on the ground that no petition for review was pending. We hold, therefore, that because respondent timely sought *certiorari* the circuit court had jurisdiction to review the case on the merits and, in holding that it was without jurisdiction so to do, it erred.

In this appeal respondent has raised no issue except that of the jurisdiction of the Industrial Commission to adjudicate petitioner's claim. Whether petitioner's employment was covered under section 3 of the Workmen's Compensation Act required a factual determination, and the clear import of sections 18 and 19 of the Workmen's Compensation Act is that issues of fact are to be determined by the Industrial Commission. As this court said in *Standard Accident Insurance Co. v. Industrial Com.*, 39 Ill.2d 172, 175-176, "Jurisdiction is the power to hear and determine the subject matter in controversy. It refers not to the particular case but to the class of cases to which it belongs, and its presence does not depend upon the correctness of the decision." An erroneous decision

may be the basis for reversal on review but does not serve to divest the Industrial Commission of jurisdiction. Clearly the decision of the arbitrator, and its affirmance by the Industrial Commission, were within the scope of the jurisdiction vested in the Industrial Commission. The judgment of the circuit court of Lake County is, therefore, affirmed.

*Judgment affirmed.*