NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

ADDIE MARIE HUVER, *Petitioner/Appellee,*

*v.*

RONALD REBEL HUVER, *Respondent/Appellant.*

No. 1 CA-CV 18-0268 FC
FILED 4-23-2019

Appeal from the Superior Court in Maricopa County
No. FC2011-091022
The Honorable Laura M. Reckart, Judge

**AFFIRMED**

COUNSEL

Law Office of John R. Zarzynski, Phoenix
By John R. Zarzynski
*Counsel for Petitioner/Appellee*

McCulloch Law Offices PLLC, Tempe
By Diana McCulloch
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Paul J. McMurdie delivered the decision of the Court, in which Judge Randall M. Howe and Judge Jennifer B. Campbell joined.

---

**M c M U R D I E**, Judge:

¶1 Ronald Rebel Huver, Sr. ("Father") appeals from an order modifying his child support obligation. For the following reasons, we hold the superior court properly modified the child support order, and the record supports the amount of the modification.

## FACTS AND PROCEDURAL BACKGROUND

¶2 Pursuant to a 2011 divorce decree, Father paid $1000 per month in child support for the parties' two minor children who, at that time, both primarily resided with Addie Marie Huver ("Mother"). In June 2014, the older child began living with Father. Father continued to pay Mother $1000 per month in child support according to the decree. In November 2014, Father petitioned to modify legal decision-making, parenting time, and child support based, in part, on the change in the older child's living arrangements. Mother filed a response and counter-petition, also seeking to modify legal decision-making, parenting time, and child support.

¶3 At a resolution management conference in February 2015, the parties reached a partial agreement. Consistent with that agreement, the superior court ordered ("February 2015 order") that "Father's child support shall be terminated as of March 1, 2015, outlined below. Recalculation of child support shall be pending June 1, 2015." The court also set an April settlement conference and appointed an advisor to investigate and make parenting recommendations. The court vacated the settlement conference and scheduled an evidentiary hearing for January 2016. By June 1, 2015, the older child had turned 18 and had graduated from high school.

¶4 Before the evidentiary hearing, the superior court dismissed without prejudice Father's petition to modify. The court gave no reason for dismissing Father's petition but did not dismiss Mother's counter-petition. Nevertheless, Mother took the position that the dismissal included her counter-petition and, three months later, filed a petition to enforce and modify the child support order outlined in the decree. Father moved to

dismiss Mother's petition, arguing there was no current child support order to enforce or modify because his child support obligation terminated on March 1, 2015. The court denied the petition to dismiss without comment and held an evidentiary hearing in January 2018.

¶5 After the hearing, the superior court concluded that the February 2015 order intended to suspend Father's child support obligation until June 1, 2015, when the older child became emancipated, and after that date, a recalculation would be required. Thus, the court found Father's child support obligation for the younger child recommenced on June 1, 2015. Using income figures from the 2011 decree and current childcare costs of $325 per month, the court determined Father's child support obligation to be $675 per month from June 1, 2015, to October 1, 2016. Because the parties' incomes had increased since the 2011 decree, the court entered a separate child support order for $720 per month starting November 1, 2016, the first month after Mother petitioned to enforce/modify. After an unsuccessful motion for new trial, Father timely appealed. We have jurisdiction under Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1) and (5)(a).

## DISCUSSION

### A. The Court Properly Modified Child Support Effective June 1, 2015.

¶6 Father argues the superior court denied him due process and abused its discretion when it modified child support effective June 1, 2015, because his child support obligation terminated on March 1, 2015, and Mother did not petition to establish a new child support order after that date. Mother argues the February 2015 order was a temporary order that terminated when the court dismissed Father's petition pursuant to A.R.S. § 25-315(F)(4). She contends this left the child support order from the decree in effect.

¶7 We review the superior court's ruling on a petition to modify child support for an abuse of discretion; however, we review *de novo* the court's interpretation of the child support statutes, *Birnstihl v. Birnstihl*, 243 Ariz. 588, 590-91, ¶ 8 (App. 2018), and due process claims, *Emmett McLoughlin Realty, Inc. v. Pima County*, 212 Ariz. 351, 355, ¶ 16 (App. 2006).

¶8 Mother contends Father waived his due process argument because he did not raise it below. Although Father did not specifically plead a due process violation, he argued there was no valid child support order to modify or enforce after March 1, 2015. Generally, arguments not raised in the superior court cannot be made on appeal; however, we may suspend

this procedural rule in our discretion. *See City of Tempe v. Fleming*, 168 Ariz. 454, 456 (App. 1991). We decline to apply to the doctrine of waiver.

¶9          "[D]ue process entitles parties to notice and a meaningful opportunity to be heard," *State v. Hildalgo,* 241 Ariz. 543, 548, ¶ 10 (2017), and "the opportunity to offer evidence and confront adverse witnesses," *Cook v. Losnegard*, 228 Ariz. 202, 206, ¶ 18 (App. 2011). Father claims he had no notice Mother sought to *modify* child support as of June 1, 2015, because she only asked the court to *enforce* the 2011 support order.

¶10          Father's contention is based on the incorrect premise that the February 2015 order was a final order that permanently terminated his support obligation. The February 2015 order was a temporary order that, consistent with the parties' agreement, suspended the child support order in the 2011 decree *until June 1, 2015*. This is reasonable because each parent had custody of one child, and each would owe support to the other parent until the older child emancipated in June 2015. The February 2015 temporary order anticipated that the court would "recalculate" child support for the younger child after June 1, 2015, when the support obligation for the older child ended. It was a temporary order because the court scheduled future proceedings regarding custody issues that would also impact the child support calculation. Thus, Father had notice there would be a future hearing addressing child support for the younger child, and that the support order would be effective June 1, 2015.

¶11          Father argues the superior court could not modify the support order because no child support order was in effect after March 1, 2015. Mother argues the original child support order from the decree was reinstated when the court dismissed Father's petition. Mother relies on A.R.S. § 25-315(F)(4), which states that a temporary order terminates when a petition is dismissed. We disagree with Mother that the dismissal of Father's petition terminated the February 2015 order. The court never dismissed Mother's counter-petition and did not dismiss Father's petition until July 2015. Therefore, as of June 1, 2015, the issue of child support for the younger child was properly before the court because both petitions to modify were still pending. The temporary order remained in effect until entry of the final order in 2018.

¶12          Father also argues the superior court erroneously applied A.R.S. § 25-320 to justify the retroactive modification. The court cited A.R.S. § 25-320 in recognizing a parent's legal duty to support his or her children. The effective date of a child support modification is governed by A.R.S. § 25-327(A), which provides that a change of an existing support order

becomes effective "on the first day of the month following notice of the petition for modification or termination unless the court, for good cause shown, orders the change to become effective at a different date but not earlier than the date of filing the petition for modification or termination." *See also Guerra v. Bejarano*, 212 Ariz. 442, 444, ¶ 7 (App. 2006) (recognizing A.R.S. § 25-503(E) includes the same language as § 25-327(A) in the context of a support order separate from a decree). Mother's counter-petition, filed on December 23, 2015, is the operative pleading because the superior court dismissed Father's petition to modify. Thus, the modification could have been effective as of the date Mother filed the counter-petition. However, the February 2015 order temporarily "terminated" Father's child support until June 1, 2015. *See Lamb v. Superior Court*, 127 Ariz. 400, 403 (1980) ("In the absence of a valid judgment, decree or order requiring one spouse to pay a fixed sum to the other spouse for child support, no such duty exists."). For these reasons, the court correctly ordered the child support modification effective June 1, 2015.

## B.     A Child Support Order for the Older Child Was Not Warranted.

**¶13**        Father contends that because the superior court ordered him to pay support for the younger child starting June 2015, the court should also order Mother to pay support for the older child beginning June 2014, when that child began living with Father. Father, however, waited until November 13, 2014, to petition to modify child support. Therefore, that is the earliest date the court could have modified the support order. *See* A.R.S. § 25-327(A). If Father wanted to change the child support order when the older child moved in with him, he had the duty to file a petition to modify at that time.

**¶14**        Father also argues equity required Mother to pay child support for the older child starting in June 2014.[1] Father contends he could not petition to modify before complying with the mediation requirement in the dissolution decree. However, the mediation requirement only applied to parenting-time orders, not child support issues. More importantly, *Guerra* held that courts may not "invoke equitable principles to contradict A.R.S. §§ 25-327(A) and -503(E)." 212 Ariz. at 445–46, ¶ 14. Therefore,

---

[1]        We disagree with Father's assertion that Mother failed to support the older child the *entire time* that child lived with Father. After the court entered the temporary order "terminating" Father's support obligation, the parties each supported one child.

consistent with the temporary order and the parties' agreement, the court properly modified the child support order effective June 1, 2015. *Id.*

## C.     A Remand for New Financial Evidence Is Not Warranted.

**¶15**     The superior court adopted the income figures in the 2011 decree to determine child support for the period of June 1, 2015, to November 1, 2016. Father claims the court erred by not relying on the 2015 financial information. Father argues he would have provided evidence that Mother's income had increased after 2011 if he had notice that the court would be considering child support as of June 1, 2015. As noted above, Father had notice that the superior court would recalculate child support as of June 1, 2015.

**¶16**     Father failed to provide a transcript of the evidentiary hearing. As the appellant, Father had the duty to ensure the record on appeal contained the transcripts necessary for consideration of the issues on appeal. *See* ARCAP 11(b); *State ex rel. DES v. Burton*, 205 Ariz. 27, 30, ¶ 16 (App. 2003). When such transcripts are not included, "we assume the missing portions of the record would support the trial court's findings and conclusions." *Burton*, 205 Ariz. at 30, ¶ 16.

**¶17**     According to the exhibit worksheet, Father listed several financial exhibits but did not offer them into evidence at the evidentiary hearing. The record included Mother's 2015 and 2016 tax returns. We presume Father had the opportunity to offer evidence of the parties' 2015 incomes and to cross-examine Mother regarding this information. In the absence of a transcript, we presume the record supports the income figures used by the superior court. *Burton*, 205 Ariz. at 30, ¶ 16. Accordingly, Father is not entitled to a remand for the court to consider new evidence.

## ATTORNEY'S FEES AND COSTS ON APPEAL

**¶18**     Both parties requested an award of attorney's fees on appeal according to A.R.S. § 25-324. Under A.R.S. § 25-324(A), the court may award either party reasonable attorney's fees "after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings." According to the most recent financial affidavits in the record, Father earns significantly more than Mother. Based on the financial disparity between the parties and after considering the reasonableness of their positions, we award Mother her reasonable attorney's fees on appeal. As the successful party, Mother is also entitled to an award of costs on appeal. *See* A.R.S. § 12-342.

## CONCLUSION

**¶19** We affirm the child support orders and the denial of Father's motion for a new trial.[2] Mother is awarded her attorney's fees and costs on appeal upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:        JT

---

[2] Father also appealed from the denial of his motion for new trial. The motion for new trial raised the same arguments Father made on appeal. For the reasons stated above, the court properly denied Father's motion for new trial.