NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

*In re the Matter of:*

CHRISTINE DORN, *Petitioner/Appellant,*

*v.*

THOMAS DORN, *Respondent/Appellee.*

No. 1 CA-CV 20-0529 FC
FILED 7-1-2021

---

Appeal from the Superior Court in Maricopa County
No. FC2013-006636
The Honorable Bradley H. Astrowsky, Judge

**AFFIRMED**

---

COUNSEL

The Law Office of Carrie M. Wilcox, Phoenix
By Carrie M. Wilcox
*Counsel for Petitioner/Appellant*

Daniel J. Siegel, PC, Phoenix
By Daniel J. Siegel
*Counsel for Respondent/Appellee*

_____

**MEMORANDUM DECISION**

Presiding Judge Kent E. Cattani delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Brian Y. Furuya joined.

_____

**C A T T A N I**, Judge:

¶1         Christine Dorn ("Mother") appeals the superior court's order requiring her to reimburse Thomas Dorn ("Father") for expenses concerning their minor daughter, A.D.  For reasons that follow, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2         Under a 2014 consent dissolution of marriage decree (the "Consent Decree"), Mother and Father shared parenting time and joint legal decision-making authority over their minor children (only one of whom, A.D., is still a minor).  In 2018, Father's parenting time increased, and Mother became obligated to pay Father child support.

¶3         The Consent Decree also provided for a child support obligation of an equal share of the children's volleyball expenses after June 2015.  The parties agreed that a parent seeking reimbursement for such expenses would request reimbursement in writing within 180 days of when an expense was incurred.

¶4         In 2019, Father filed a petition for contempt, alleging among other things that Mother failed to pay child support and her share of A.D.'s volleyball expenses and other school-related expenses.  Mother responded, arguing that she was not required to pay the volleyball expenses because she had withdrawn her consent for A.D. playing volleyball.  Mother further asked the court to modify her child support obligation to account for A.D. being the only remaining minor child.

¶5         After a one-day trial, the superior court found Mother in contempt and ordered her to: (1) pay child support arrears; (2) reimburse Father for $16,115.55 in A.D.'s expenses; and (3) pay a portion of Father's attorney's fees.  The court reduced Mother's child support obligation to $326 per month, to reflect a support obligation for A.D. only.  The superior court's order was entered under Rule 78(b) with Father's attorney's fees award still outstanding.  Mother timely appealed the order for reimbursement of costs.

**DISCUSSION**

¶6        Mother argues that the superior court erred by requiring her to pay for A.D.'s expenses and Father's attorney's fees.

**I.        Scope of the Appeal.**

¶7        We have an independent duty to examine our appellate jurisdiction. *Ghadimi v. Soraya*, 230 Ariz. 621, 622, ¶ 7 (App. 2012). Although Mother challenges the superior court's determination that Father was eligible for an award of fees, the superior court later resolved the attorney's fees amount, and Mother did not file a notice of appeal from that decision. The time to file such an appeal has passed. Accordingly, we lack jurisdiction over Mother's challenge to the fee award, *see Choy Lan Yee v. Yee*, 251 Ariz. 71, 75–76, ¶¶ 11–12, 14–15 (App. 2021), and we have jurisdiction only over Mother's appeal of the superior court's order for reimbursement of expenses.

**II.       Expenses Reimbursement.**

¶8        Mother argues that Father was not entitled to reimbursement for A.D.'s volleyball expenses because she withdrew her consent to A.D. participating in volleyball. Mother also argues that if Father is entitled to reimbursement, the amount owed should be reduced because he submitted three months of reimbursement requests late. We review the superior court's award of child support for an abuse of discretion and accept its findings of fact unless they are clearly erroneous. *Engel v. Landman*, 221 Ariz. 504, 510, ¶ 21 (App. 2009).

¶9        A valid decree establishing child support obligations outlines the duties of the parties and is binding until a court order modifies the decree. *Lamb v. Superior Court*, 127 Ariz. 400, 402 (1980); A.R.S. §§ 25-327(A), -317(D). And a decree respecting child support may only be modified "on a showing of changed circumstances that are substantial and continuing." A.R.S. § 25-327(A).

¶10       Mother only challenges the volleyball-related expenses, arguing that she withdrew her consent to A.D.'s participation. But the Consent Decree states: "After June 2015 all volleyball expenses shall be equally divided 50/50 between Mother and Father." The superior court noted, and we agree, that by singling out volleyball in the Consent Decree, Mother and Father evidenced an intent to continue joint financial support of that activity. Mother nevertheless asserts that, because she has joint legal decision-making authority, she could rescind her consent to A.D. playing

volleyball. But the Consent Decree requires that issues involving legal decision-making or parenting time be pursued through mediation, which never occurred. And Mother was not entitled to unilaterally modify the support agreement; only a court can modify the agreement, and here, Mother did not seek such a modification. *See* A.R.S. § 25-327(A).

**¶11** Mother also asserts that, because Father submitted three months' worth of reimbursement requests more than 180 days after they were incurred, the award should be reduced. Although the 180-day requirement refers specifically to medical expenses, both parties agree that the requirement also applies to the volleyball expenses for which Father sought reimbursement. But even assuming Father's requests were late, the Consent Decree does not preclude reimbursement for expenses submitted after 180 days—it only outlined a procedure for submitting a request for reimbursement of costs. And here, Father offered reasons for his delays in seeking reimbursement, and to the extent the court accepted those reasons based on credibility determinations, we defer to the superior court's assessment. *Cf. Gutierrez v. Gutierrez*, 193 Ariz. 343, 347–48, ¶ 13 (App. 1998).

## CONCLUSION

**¶12** Both parties request attorney's fees on appeal under A.R.S. § 25-324. After considering the statutory factors and in an exercise of our discretion, we deny both requests. Because Father is the prevailing party, he is entitled to his taxable costs upon compliance with ARCAP 21. *See* A.R.S. § 12-342(A).

**¶13** The superior court's order is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:    AA

4