778 P.2d 1356

**Joyce HOWARD, Petitioner–Appellee,**

v.

**Robert RICHARDSON,
Respondent–Appellant.**

**1 CA–CV 88–072.**

Court of Appeals of Arizona,
Department A, Division 1.

April 25, 1989.

Review Denied Sept. 19, 1989.*

* Cameron, J., of the Supreme Court, voted to

Robert K. Corbin, Atty. Gen. by Kim Gillespie and Verda A. Holland, Asst. Attys. Gen., Phoenix, for petitioner-appellee.

Dohn M. Rosenthal, P.C. by Dohn M. Rosenthal, Scottsdale, for respondent-appellant.

OPINION

GERBER, Judge.

The primary issue on appeal is whether a Uniform Reciprocal Enforcement of Support Act (URESA) petition may be used to obtain a child support order where there is a prior domestic relations court order stating that neither parent shall pay child support.

FACTS AND PROCEDURAL HISTORY

Robert Richardson (appellant) and Joyce Howard (appellee) were divorced in Maricopa County in 1973. Pursuant to the divorce decree appellant was ordered to pay $30.00 per month per child to appellee as child support for the parties' four minor children.

On September 1, 1982, the divorce decree was modified in Maricopa County Superior Court. Appellant was granted custody of the three older children and appellee was granted custody of the youngest child, Elizabeth. The order further provided that "no payments will be made by either of the parties for child support of the parties' minor children...."

In 1986 appellee filed a URESA petition alleging that appellant was in arrears in child support in the amount of $4,080 and seeking current child support of $30.00 per week for Elizabeth, who is still a minor. In June of 1987 appellant was ordered to pay $470 per month for the support of Eliza-

grant review.

beth. Appellant filed a notice of appeal to this court.

## DUTY OF SUPPORT

Appellant currently resides in Arizona. He was present in Arizona for the period for which support is alleged to be in arrears. Arizona law in A.R.S. § 12–1656 governs the instant case.

Appellee argues that the 1982 modification of the divorce decree, which provided that "no payment will be made by either of the parties for child support of the parties' minor children ..." modified the *amount* of child support but did not terminate the *duty* of either parent to support their children. Appellee relies upon A.R.S. § 12–2451(A), which provides that "every man and woman shall have the duty to provide all reasonable support for his or her ... minor, unemancipated children."

Appellee's reliance on A.R.S. § 12–2451 is misplaced. Our supreme court has stated:

A.R.S. § 12–2451 imposes a general duty on parents to support their children, but there is no duty on one parent to pay a certain sum *to the other parent* for child support.

*Lamb v. Superior Court*, 127 Ariz. 400, 402 n. 1, 621 P.2d 906, 908 n. 1 (1980) (emphasis in original). The *Lamb* court also stated that a court order is necessary to implement that duty:

Since the duty to pay support does not exist unless a judgment, decree or order creates it, it follows that no duty exists if a valid order terminates the obligation.

*Id.* at 401, 621 P.2d at 908. The 1973 divorce decree was the only source of appellant's duty to pay child support to appellee. We find that the 1982 modification of the divorce decree terminated appellant's duty to pay child support to appellee.

When appellee filed her URESA petition in 1986, neither appellant nor appellee was under a duty to pay child support to the other. A URESA petition is a remedy for enforcing an existing duty of support, not an independent basis for imposing a duty. A.R.S. § 12–1673; *State ex rel. Arvayo v. Guerrero*, 21 Ariz.App. 173, 175, 517 P.2d 526, 529 (1974). In *Arvayo* the divorce decree awarded custody of the parties' minor children to the mother and provided that the father would pay child support to the mother. The divorce decree also provided that the father was to have reasonable visitation rights. The mother subsequently brought a URESA petition against the father. Before the mother's URESA petition was adjudicated, the court which entered the divorce decree entered an order terminating the father's duty to pay child support to the mother until the mother honored the father's visitation rights. The mother did not appeal the termination order. The father then successfully moved to dismiss the mother's URESA petition on the ground that he had no duty to pay child support to the mother. In affirming the dismissal of the mother's URESA petition, the *Arvayo* court held that a URESA petition does not create an independent basis for a duty of support where a prior court order has terminated that duty. The court noted that there is no "remedy" through a URESA petition where there is no "right" (a duty of support). 21 Ariz.App. at 176, 517 P.2d at 529. *Arvayo* is in accord with many decisions from other jurisdictions. *See, e.g., People ex rel. Oetjen v. Oetjen*, 92 Ill.App.3d 699, 48 Ill.Dec. 247, 251–52, 416 N.E.2d 278, 282–83 (1980); *Moffat v. Moffat*, 27 Cal.3d 645, 165 Cal.Rptr. 877, 612 P.2d 967 (1980).

Appellee attempts to distinguish *Arvayo* and similar cases by arguing that they addressed conditional termination of the non-custodial parent's duty of support until the custodial parent agreed to honor visitation rights. At least one court has accepted this distinction. *See Commonwealth ex rel. Halsey v. Autry*, 293 Md. 53, 441 A.2d 1056, 1063 (1982) (cases involving judicial termination of duty of support for failure to honor visitation rights are "inapposite" to case not involving violation of visitation rights). However, appellee has not suggested that a court may terminate a duty of support only where visitation rights have been violated. *Arvayo* held that a URESA petition may not impose a duty of support where a prior court order has ter-

minated that duty. This rule is not limited to cases involving visitation rights. *Arvayo* applies with equal force whenever a court order terminates the duty of support.

By the terms of the 1982 divorce decree modification neither party is obligated to pay child support to the other. Because the procedural safeguards and substantive requirements of an action to modify a dissolution decree differ markedly from a URESA proceeding, a URESA proceeding is not the proper mechanism for seeking a change in the divorce decree order. *See Oetjen,* 48 Ill.Dec. at 251, 416 N.E.2d at 282.

The judgment is reversed and remanded with directions to dismiss appellee's URESA petition with prejudice.

HAIRE, P.J., and SHELLEY, J., concur.