791 P.2d 649

**BOULDER COUNTY DEPARTMENT OF SOCIAL SERVICES ex rel. Nancy HARKREADER, Plaintiff/Appellee,**

v.

**Bruce Ferell HARKREADER, Defendant/Appellant.**

**No. 2 CA–CV 89–0246.**

Court of Appeals of Arizona, Division 2, Department A.

April 24, 1990.

124

Stephen D. Neely, Pima County Atty. by David A. Sands, Tucson, for plaintiff/appellee.

Robert L. Barrasso, Tucson, for defendant/appellant.

## OPINION

ROLL, Judge.

Bruce Ferell Harkreader appeals from a judgment ordering him to pay $2,536 to reimburse the Boulder County Department of Social Services (Boulder County) for Aid to Families with Dependent Children (AFDC) payments made to Nancy Harkreader from July 1984 through February 1985. For the reasons set forth below, we affirm.

### FACTS

For purposes of this appeal, the parties stipulated to the following facts. Bruce and Nancy were married and have three minor children. At some point, they were divorced but no decree or child support order was produced. Based upon Bruce's duty to support his minor children, Boulder County sought reimbursement of $2,536 in AFDC payments paid to Nancy Harkreader from July 1984 through February 1985 for the three minor Harkreader children.

### PROCEDURAL HISTORY

Boulder County filed this action to seek reimbursement under the Revised Uniform Reciprocal Enforcement of Support Act

(RURESA).[1] The Pima County Special Commissioner rendered an "under advisement ruling" March 3, 1989. By minute entry on June 7, 1989, the commissioner denied Bruce's motion to reconsider and amended portions of the March 3, 1989 minute entry. The commissioner then vacated the March 3 minute entry pending further hearings to determine Bruce's ability to reimburse Boulder County. Following this hearing, the commissioner entered a judgment ordering Bruce to pay the full amount of $2,536.

## ISSUES ON APPEAL

The parties stipulated to the following issues under RURESA: whether the court can require a father to reimburse an agency for AFDC benefits paid to the mother of his minor children when (1) no underlying divorce decree ordered child support, (2) Boulder County failed to prove that the children received or benefitted from the money, and (3) Boulder County did not prove the elements of the common law doctrine of necessaries.

## STANDARD OF REVIEW

This appeal presents questions of law, which we review *de novo. Tovrea Land & Cattle Co. v. Linsenmeyer,* 100 Ariz. 107, 114, 412 P.2d 47, 51 (1966).

### *No Child Support Order*

■ Bruce argues that since no court has ordered him to pay child support, he has no duty to support his children, relying on *Lamb v. Superior Court,* 127 Ariz. 400, 621 P.2d 906 (1981). Bruce contends that because he has no duty to support his children, the court cannot order him to reimburse Boulder County for the AFDC payments.

The history of RURESA indicates that the act's primary purpose is to prevent a runaway obligor from fleeing across state lines thereby avoiding his or her parental duties of support. *City and County of San Francisco v. Juergens,* 425 So.2d 992, 996 (La.App.1983). Under RURESA, when

a state or political subdivision furnishes support to an obligee, it has the same right to initiate a proceeding as the obligee and can seek reimbursement of support furnished. A.R.S. § 12-1657. An obligee is a person to whom a duty of support is owed. A.R.S. § 12-1651(7). The duty of support is determined under the law of the state where the obligor was present during the period for which support is sought. Unless otherwise shown, the obligor is presumed to have been present in the responding state. A.R.S. § 12-1656. Because there is no evidence to the contrary, Bruce is presumed to have been present in Arizona during the relevant time period of 1984–1985, therefore the law of Arizona determines his duty of support. Duty of support is defined as "a duty of support whether imposed or imposable by law or by order, decree, or judgment of any court...." A.R.S. § 12-1651(2).

In *Lamb, supra,* a mother sought arrears for child support. The supreme court stated:

> In the absence of a valid judgment, decree or order requiring one spouse to pay a fixed sum to the other spouse for child support, no such duty exists for it is the valid judgment, decree or order that creates the duty and governs its extent.

*Id.* 127 Ariz. at 402, 621 P.2d at 908.

■ A court cannot order payment of arrears for child support unless a judgment, decree, or order exists. In this matter, the parties admit that they are divorced but no order, judgment, or decree mandates child support. Accordingly, no arrears occurred and the court cannot retroactively order one parent to pay the custodial parent a specific sum for child support. However, *Lamb* is factually distinguishable from this matter. *Lamb* involved a decree for child support which was subsequently terminated when the father was awarded custody of the children. When custody was later awarded back to the mother, she sought arrears for child support for the time period during which the father had been awarded custody although

---

1. A.R.S. §§ 12–1651 et seq.

the children remained primarily with the mother. The court found that ordering child support payments for that time period was prohibited because it was equivalent to a retroactive modification of the child support order. 127 Ariz. at 401–02, 621 P.2d at 907–08. *Lamb* did not address the issue of reimbursement for public assistance nor reimbursement for necessities.

*Lamb* recognized the general duty of parents to support their children:

> A.R.S. § 12–2451 imposes a general duty on parents to support their children, but there is no duty on one parent to pay a certain sum *to the other parent* for child support.

*Id.* at 402 n. 1, 621 P.2d at 908 n. 1 (emphasis in original). A.R.S. § 12–2451 states in part:

> A. Every man and woman shall have the duty to provide all reasonable support for his or her natural and adopted minor, unemancipated children, regardless of the presence or residence of the child in this state and:
>
> \*    \*    \*    \*    \*    \*
>
> D. All such duties of support as prescribed in this chapter may be enforced by all civil and criminal remedies provided by law.

Accordingly, because under Arizona law Bruce has a general duty to support his minor children, Boulder County can seek reimbursement for benefits paid for Bruce's minor children.

### Proof Regarding Use of Benefits

■ Bruce argues that Boulder County must prove that the AFDC money paid to Nancy was actually used for the benefit of the children. We see no reason to impose this burden on the plaintiff. The AFDC program is a federally regulated program [2] that requires participant states to develop a plan to distribute funds and to seek repayment from the absent parent. 42 U.S.C. § 656. The state programs are designed to assure that funds are used for the children. See A.C.R.R. R6–3–418. These regulations are sufficient to ensure the proper use of the benefits. However, if the parent from whom a state seeks reimbursement presents any evidence that the children did not receive the benefits, then the parent has successfully rebutted the presumption that the funds were used for the children. The state must then prove the AFDC funds were used to benefit the children.

■ In the matter before us, Bruce argues that he has been ordered to repay the entire sum of AFDC payments made to Nancy. AFDC benefits are paid to a family in need. 42 U.S.C. § 601; *Shea v. Vialpando*, 416 U.S. 251, 253, 94 S.Ct. 1746, 1750, 40 L.Ed.2d 120, 125 (1974) (The AFDC program is designed to provide financial assistance to needy dependent children and the parents or relatives who live with and care for them.) Bruce argues that he should only have been required to repay that portion of AFDC funds used for the three minor children. However, the minute entry of June 30, 1989, states in part:

> UPON STIPULATION OF THE PARTIES:
>
> 1. The welfare grant during the relevant period of time was $317.00 per month for three minor children. The total amount of the grant was $2,536.00.

Since Bruce has stipulated that the payments were made exclusively for his three children, we reject his argument that he is being required to reimburse Boulder County for payments made to his wife for her benefit.

### Doctrine of Necessaries

■ Bruce argues that before Boulder County can be reimbursed for the AFDC benefits, it must demonstrate that the funds were provided for necessaries that the absent parent failed or neglected to provide. We disagree.

The doctrine of necessaries is a common law doctrine used to compel a husband to support his family. Because the state has a statutory right to seek reimbursement, we find the doctrine of necessaries does not apply.

---

**2.** 42 U.S.C. §§ 601 et seq.

## CONCLUSION

RURESA authorizes a public entity to seek, from a parent, reimbursement for AFDC benefits paid for the benefit of that parent's minor children. The parent's duty to reimburse arises even in the absence of an underlying judgment, decree, or order for child support, and is based on the parent's general duty of support. The regulatory nature of state AFDC programs creates a presumption that the benefits paid to a parent were used for the children. Bruce stipulated that all of the AFDC payments were for the three minor children.

Accordingly, we affirm.

HOWARD and HATHAWAY, JJ., concur.