810 P.2d 622

**COUNTY OF SAN DIEGO,**
**Petitioner/Appellant,**

v.

**Da⁊id Paul GREEN,**
**Respondent/Appellee.**

**No. 2 CA–CV 90–0300.**

Court of Appeals of Arizona,
Division 2, Department A.

April 18, 1991.

Stephen D. Neely, Pima County Atty. by David A. Sands, Tucson, for petitioner, appellant.

Robert L. Barrasso, Tucson, for respondent, appellee.

## OPINION

LIVERMORE, Presiding Judge.

The marriage of respondent David Green and Rita Green was dissolved on October 24, 1988, the decree providing that each parent have primary physical custody of one of the two children and "that neither party pay child support to the other." Thereafter Ms. Green received Aid to Families with Dependent Children benefits from petitioner San Diego County. This action was commenced by the County to recover from Mr. Green those benefits and to impose a future duty to support under the Uniform Reciprocal Enforcement of Support Act (URESA). It appeals from an adverse judgment below. We reverse and remand for further proceedings.

■ The parties agree that relief was denied the County solely because no duty of child support existed in the dissolution decree. While the absence of such a provision precludes an action by Ms. Green for past support under *Lamb v. Superior Court*, 127 Ariz. 400, 621 P.2d 906 (1980), and *Howard v. Richardson*, 161 Ariz. 460, 778 P.2d 1356 (App.1989), we have previously held that the inability of the former spouse to sue does not prevent a public entity from recovering public support furnished a child under the provisions of URESA. *Boulder County Department of Social Services v. Harkreader*, 164 Ariz. 123, 791 P.2d 649 (App.1990). See also *State of Washington v. Young*, 167 Ariz. 337, 806 P.2d 1385 (App.1991). We reaffirm that position.

The URESA provisions applicable to this case are A.R.S. §§ 12–1651, –1657, and –1658. Section 12–1658 permits enforcement of duties of support under the provision of the Act. Section 12–1657 gives a state or political subdivision the right "of securing reimbursement for support furnished and of obtaining continuing support." "Duty of support" is defined in § 12–1651(2) as "a duty of support whether imposed or imposable by law...." Read together, these sections would allow the County to recover past support from, and to impose a duty to furnish future support on, Mr. Green. We see no reason not to allow the County to pursue the remedies the statutes so plainly provide simply because another similar remedy is provided in A.R.S. § 12–2452 or because Ms. Green could not recover past support and could seek future support only through modification of the dissolution decree. See A.R.S. § 12–1652 ("The remedies provided in this article are in addition to and not in substitution for any other remedies.").

There is no policy reason why a public agency furnishing public support for the benefit of children should be disqualified from seeking reimbursement from a financially able parent because another parent is disqualified. A statutory mechanism exists for the imposition and modification of duties of support as between the spouses. Failure to utilize that mechanism may, again as between the spouses, lead to a loss of any right to support. What is foreclosed to a party to the dissolution, however, is not the equivalent of the termination of the parental duty of support imposed by A.R.S. § 12–2451. That obligation, if not enforced or enforceable by the former spouse, should nonetheless be enforceable by a public agency that has stepped in to provide the support that one spouse was incapable of providing and the other chose not to provide. It is entirely possible that Ms. Green did not seek the support for her children to which they might be entitled out of ignorance of her rights or an inability to know how to enforce those rights. Her ignorance or inability ought not eliminate her former spouse's obligation when public agencies have been forced to fulfill that obligation.

■ Respondent contends, however, that a requirement that he reimburse the County for past public support denies him due process apparently for failure to provide notice and a hearing before public benefits were furnished. We believe the hearing contemplated by *Harkreader, supra,* fully satisfies due process. At that hearing, Mr. Green may establish either that no duty of support was owing under Arizona law or that the funds expended by the County were not used for the benefit of the children.

The judgment denying any relief to the County for funds expended after the dissolution decree is reversed and the matter remanded for further proceedings.

HATHAWAY and LACAGNINA, JJ., concur.